UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
Gary Miller, d/b/a enature.net,                                    :

               Plaintiff,                             :     07-CV-5713
                                                            (MGC)
   -against-                                             :     ECF CASE

Pavel Ushakov and Center Studios, LLC.,            :     **DEFENDANTS PAVEL USHAKOV'S AND CENTER STUDIOS LLC'S ANSWER**

               Defendants.                            :
------------------------------------------------------------------ x

      COMES NOW Defendants Pavel Ushakov, an individual, and Center Studios LLC (incorrectly named herein as Center Studios, LLC.), an Ohio limited liability company (collectively referred to as "Defendants"), by and through their attorneys, and allege as their Answer, on information and belief, the following:

      1.    Defendants lack sufficient knowledge and information to either admit or deny the allegations set forth by Plaintiff in Paragraph 1 and therefore deny them.

      2.    Defendants deny the allegations set forth by the Plaintiff in Paragraph 2 in the form alleged, except admit that Defendant Pavel Ushakov is a resident of the State of Ohio and Defendant Center Studios LLC is a limited liability company formed under the laws of the State of Ohio.

      3.    Defendants deny the allegations set forth by the Plaintiff in Paragraph 3 in the form alleged, and leave all questions of fact to the trier of fact and all questions of law to the Court.

      4.    Defendants deny the allegations set forth by the Plaintiff in Paragraph 4 in the form alleged, and leave all questions of fact to the trier of fact and all questions of law to the Court.

      5.    Defendants deny the allegations set forth by the Plaintiff in Paragraph 5 in the form alleged, and leave all questions of fact to the trier of fact and all questions of law to the Court.

6. Defendants deny the allegations set forth by the Plaintiff in Paragraph 6 in the form alleged, and leave all questions of fact to the trier of fact and all questions of law to the Court.

7. Defendants lack sufficient knowledge and information to either admit or deny the allegations set forth by Plaintiff in Paragraph 7 and therefore deny them.

8. Defendants deny the allegations set forth by the Plaintiff in Paragraph 8 in the form alleged, and leave all questions of fact to the trier of fact and all questions of law to the Court.

9. Defendants lack sufficient knowledge and information to either admit or deny the allegations set forth by Plaintiff in Paragraph 9 and therefore deny them.

10. Defendants lack sufficient knowledge and information to either admit or deny the allegations set forth by Plaintiff in Paragraph 10 and therefore deny them.

11. Defendants deny the allegations set forth by the Plaintiff in Paragraph 11 in the form alleged, and leave all questions of fact to the trier of fact and all questions of law to the Court.

12. Defendants deny the allegations set forth by the Plaintiff in Paragraph 12 in the form alleged, except admit that at some point in time the image was displayed on Defendants' website(s).

13. Defendants deny the allegations set forth by the Plaintiff in Paragraph 13.

14. Defendants deny the allegations set forth by the Plaintiff in Paragraph 14 in the form alleged, except admit that at some point in time the video clips were displayed on Defendants' website(s).

15. Defendants admit the allegations set forth by the Plaintiff in Paragraph 15.

16. Defendants deny the allegations set forth by the Plaintiff in Paragraph 16 in the form alleged, except admit that Plaintiff licensed Defendants to post all three video clips.

17. Defendants admit the allegations set forth by the Plaintiff in Paragraph 17.

18. Defendants deny the allegations set forth by the Plaintiff in Paragraph 18.

19. Defendants deny the allegations set forth by the Plaintiff in Paragraph 19.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

20. This Court does not have personal jurisdiction over the Defendants.

### Second Affirmative Defense

21. The Southern District of New York is an improper venue for this action.

### Third Affirmative Defense

22. Plaintiff's causes of action are barred by the statute of limitations.

### Fourth Affirmative Defense

23. Plaintiff's causes of action fail to state a claim upon which relief may be granted.

### Fifth Affirmative Defense

24. Plaintiff failed to mitigate his damages, if any.

### Sixth Affirmative Defense

25. Plaintiff's own conduct contributed to and/or caused the injuries of which he now complains, and Plaintiff voluntarily assumed the risk of his own conduct.

### Seventh Affirmative Defense

26. Plaintiff's causes of action are barred by Plaintiff's own conduct of waiver and estoppel.

### Eighth Affirmative Defense

27. Plaintiff's causes of action are barred by the doctrine of laches.

### Ninth Affirmative Defense

28. No act or omission of or attributable to the Defendants was a substantial factor in bringing about the occurrences alleged in the Complaint or any damage or loss sustained by Plaintiff, nor was any act or omission of, or attributable to, the Defendants, a contributing cause thereof, and any alleged acts or omissions of, or attributable to, the Defendants were superseded by

3

the acts or omissions of Plaintiff or of other persons, which acts or omissions of Plaintiff and of other persons were the independent, intervening and proximate causes of the occurrences alleged in the Complaint.

### Tenth Affirmative Defense

29.     Defendants reserve the right to assert additional affirmative defenses in the event discovery, investigation, or analysis indicates that they are proper.

### PRAYER FOR RELIEF

WHEREFORE, Defendant moves for the dismissal of this matter, for an award of attorneys' fees and costs, and for such other and further relief as this Court deems proper and just.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial pursuant to Rule 38(b) of The Federal Rules of Civil Procedure.

Dated: August 21, 2007

    Glen Allen, Virginia                     Respectfully submitted:

                                             DOZIER INTERNET LAW, P.C.

                              By:   /s/ Donald E. Morris, Esq.
                                         Donald E. Morris, Esq. (DM-9138)
                                         DOZIER INTERNET LAW, P.C.
                                         301 Concourse Blvd.
                                         West Shore III, Suite 300
                                         Glen Allen, VA 23059
                                         Phone (804) 346-9770 ex. 307
                                         Fax (804) 346-0800
                                         Email: don@cybertriallawyer.com

                                         Attorneys for Defendants
                                         Center Studios LLC and Pavel Ushakov

**Certificate of Service**

    I hereby certify that on August 21, 2007, I electronically transmitted Defendants' Answer to the Complaint to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eugene B. Nathanson<br>
305 Broadway<br>
Suite 200<br>
New York, NY 10007

Attorney for Plaintiff

/s/ Donald E. Morris, Esq.